IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-296-MR

| | |
|---|---|
| ANTONIO PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ROBERT T. BARKER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A.

**I.     BACKGROUND**

Pro Se Plaintiff Antonio Pearson ("Plaintiff"), a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institute ("Marion") in Marion, North Carolina, filed this action on October 17, 2023, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff names Robert T. Barker, a Disciplinary Hearing Officer at Marion, as the sole Defendant in this matter. [Id. at 1]. Plaintiff alleges that the Defendant violated his rights under the Eighth Amendment to the U.S. Constitution by subjecting him to cruel and unusual punishment. [Id. at 2-3].

The Plaintiff alleges that the Defendant, as the officer assigned to his disciplinary hearing, gave him the punishment for his offense and in doing so, subjected him to cruel and unusual punishment. [Id. at 2]. Specifically, the Plaintiff alleges that the Defendant took away his recreation and radio and left him stuck in his cell "with nothing," including "no access to the T.V. or any chance to exercise." [Id. at 3]. Plaintiff fails to allege what injury he suffered. [See id.]. The Plaintiff seeks compensation for the sixty days he was held without recreation and a radio. [Id. at 5].

II. **STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

III. **DISCUSSION**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir.1993).

A reviewing court "owe[s] 'substantial deference to the professional judgment of prison administrators.'" Beard v. Banks, 548 U.S. 521, 528

(2006) (quoting Overton v. Bazzetta, 539 U.S. 126, 132 (2003)). "[R]estrictive prison regulations are permissible if they are 'reasonably related to legitimate penological [objectives],' and are not an 'exaggerated response' to such objectives." Id. (quotations omitted) (quoting Turner v. Safley, 482 U.S. 78, 87 (1987)). The length of time Plaintiff was subjected to the harsh conditions is an important factor in analyzing whether his constitutional rights were violated. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir.1997).

"[I]n certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eight Amendment." Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) (citations omitted). "In deciding whether conditions at a jail are so onerously burdensome as to reach constitutional dimensions, courts must look at the totality of the circumstances, including the extent to which the restrictions adversely affect the mental or physical health of the inmate." Id. (citations omitted). These circumstances include the overall duration of incarceration, the length of time for which prisoners are locked in their cells each day, and the practical opportunities for the institution to provide prisoners with increased exercise opportunities. Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir. 1992). "Thus, confinement or punishment conditions imposed under one

4
Case 1:23-cv-00296-MR   Document 8   Filed 12/21/23   Page 4 of 6

set of circumstances may constitute an Eighth Amendment violation; yet the same conditions, imposed under different circumstances, would not." Id.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Plaintiff has nonetheless failed to state a claim under the Eighth Amendment. He has only alleged that he was denied recreation time for 60 days but has not alleged any detriment to his physical or mental health as a result, or that the Defendant disregarded any risk to his health or safety. The Court, therefore, will dismiss Plaintiff's Complaint without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief, if the facts support such an amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will dismiss his Complaint without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED.**

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge