UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00296-MR

| ANTONIO YULANDER PEARSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| ROBERT T. BARKER, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 9], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A.

## I. BACKGROUND

Pro se Plaintiff Antonio Yulander Pearson ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Granville Correctional Institution in Butner, North Carolina. On October 17, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendant Robert T. Barker, a Disciplinary Hearing Officer (DHO) at Marion Correctional Institution ("Marion"), as the sole Defendant. [Doc. 1 at 2-3]. Plaintiff alleged that Defendant was the DHO assigned to Plaintiff's disciplinary hearing and

punished Plaintiff for his offense, which resulted in Plaintiff losing his radio and recreation time for 60 days. Plaintiff alleged that he was in his cell "with nothing," including no access to a television or opportunity to exercise. [Id. at 3]. Plaintiff claimed that he was subjected to cruel and unusual punishment under the Eighth Amendment. [Id. at 2-3].

Plaintiff's Complaint failed initial review for Plaintiff's failure to state a claim upon which relief may be granted. [Doc. 8]. The Court allowed Plaintiff 30 days to amend his Complaint to properly state a claim for relief in accordance with the Court's Order or the Court would dismiss this action without prejudice and without further notice to Plaintiff. [Id. at 5-6].

Plaintiff timely filed an Amended Complaint, which is now before the Court on initial review. [Doc. 9]. In his Amended Complaint, Plaintiff again names Defendant Barker as the sole Defendant, suing him in his official and individual capacities. [Id. at 2]. Plaintiff alleges that he was in Marion's Rehabilitative Diversion Unit (RDU) Program from July 17, 2023 to September 17, 2023 and "forced to remain locked in [his] room for 60 days as a prisoner of war! [He] had no privilages [*sic*] except shower 3 times a week!" [Id. at 4-5]. Plaintiff also alleges that he "was even found Guilty for one charge that [he] wasn't even written up for & that was all for 60 Days!" [Id. at 12].

For injuries, Plaintiff alleges having suffered "Mental Distress & physical distress." [Id. at 5]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir.1993).

A reviewing court "owe[s] 'substantial deference to the professional judgment of prison administrators.'" Beard v. Banks, 548 U.S. 521, 528

(2006) (quoting Overton v. Bazzetta, 539 U.S. 126, 132 (2003)). "[R]estrictive prison regulations are permissible if they are 'reasonably related to legitimate penological [objectives],' and are not an 'exaggerated response' to such objectives." Id. (quotations omitted) (quoting Turner v. Safley, 482 U.S. 78, 87 (1987)). The length of time Plaintiff was subjected to the harsh conditions is an important factor in analyzing whether his constitutional rights were violated. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir.1997).

"[I]n certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eight Amendment." Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) (citations omitted). "In deciding whether conditions at a jail are so onerously burdensome as to reach constitutional dimensions, courts must look at the totality of the circumstances, including the extent to which the restrictions adversely affect the mental or physical health of the inmate." Id. (citations omitted). These circumstances include the overall duration of incarceration, the length of time for which prisoners are locked in their cells each day, and the practical opportunities for the institution to provide prisoners with increased exercise opportunities. Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir. 1992). "Thus, confinement or punishment conditions imposed under one set of circumstances may constitute an Eighth Amendment violation; yet the

5

Case 1:23-cv-00296-MR   Document 10   Filed 01/16/24   Page 5 of 7

same conditions, imposed under different circumstances, would not." Id.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless again failed to state a claim for relief. Plaintiff alleges only that he was placed in RDU at Marion for a period of 60 days, presumably as punishment for a disciplinary offense, and that as a result he lost privileges, such as television and recreation time. While certainly not ideal, these conditions are not sufficiently extreme to be constitutionally redressable.

Moreover, Plaintiff fails to allege any personal participation by Defendant Barker in any event. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted) (To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation.).

Finally, Plaintiff's official capacity claims also fails initial review. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the

6

Case 1:23-cv-00296-MR   Document 10   Filed 01/16/24   Page 6 of 7

Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's official capacity claim fails as a matter of law.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 9] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: January 16, 2024

Martin Reidinger
Chief United States District Judge